UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 15-28106-RAM |
| | : | |
| ALEXIS OMS, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | / | |

**MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY**

***Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.***

COMES NOW, Robert A. Angueira (hereinafter "the Trustee"), and files this Motion to Approve Stipulation to Compromise Controversy in the above-styled case, and states as follows:

1. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 12, 2015 (the "***Petition Date***").

2. Robert A. Angueira is the duly appointed Chapter 7 Trustee.

3. At the Rule 2004 Examination of the Debtor, the Trustee discovered that the Debtor made certain pre-petition transfers totally approximately $13,500.00 (the "***Undisclosed Transfers***"), and the Trustee has asserted the Estate's interest in these funds.

4. On February 22, 2016, the Trustee filed an Adversary Proceeding against Jorgelina Perea, Adv. Case No. 16-01113.

5. Based on the testimony during the §341 Meeting of Creditors, the Rule 2004 Examination, a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that a portion of the Property may be undervalued and in excess of the allowed exemptions.

6. The Debtor denies and/or disputes some of the allegations noted above.

7. In an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case and have all signed the Stipulation to Compromise Controversy that is enclosed as Exhibit "1".

8. Under the terms of the Stipulation, the Debtor will pay the Trustee a total sum of $13,200.00 to be paid in twelve (12) equal monthly payments of $1,100.00 to be made on the 15th day of each month starting on April 15, 2016 and ending on March 15, 2017.

9. The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 6495 S.W. 24th Street, Miami, Fl. 33155. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

10. As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that this Settlement is approved before such deadline expires.

11. As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

12. If the Debtor complies with all the terms of this Stipulation, he will keep all the

real and personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property.

13. As part of this Settlement, the Trustee will prepare and submit a Stipulated Dismissal of the pending Complaint (Angueira v. Perea, Adv. Case No. 16-01113-RAM).

14. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the Debtor's claimed exemptions.

15. If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

16. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

17. This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

18. If the Debtor fails to timely make any of the payments described in paragraph 8, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

19. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C.

§727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

20. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides: "On motion by the trustee and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

21. "[A]pproval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988)(Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen* (*In re Teltronics Servs., Inc.*), 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied, 306 U.S. 636 (1939). The test is whether the proposed settlement "falls below the `lowest point in the range of reasonableness.'" *Arrow Air*, 85 B.R. at 891 (quoting *Teltronics Servs.*, 762 F.2d at 189; *Cosoff v. Rodman* (*In re W. T. Grant Co.*), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983).

22. Based on the specific facts and circumstances of this case, the Trustee has determined that $13,200.00 would be a reasonable settlement amount in this case. The Trustee respectfully submits that application of these principles leads to the conclusion that the Stipulation, enclosed as Exhibit "1", should be approved with the Court retaining jurisdiction to enforce the terms of the settlement.

23. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit 2.

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting this motion; (b) approving the stipulation to compromise controversy with the Debtor; (c) granting such other and further relief as this Court deems appropriate.

Respectfully submitted this 24 day of March, 2016.

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail yanay@rabankruptcy.com,

By ______________________
YANAY GALBAN
Florida Bar No. 0105146

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 15-28106-RAM |
| | : | |
| ALEXIS OMS, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | / | |

**STIPULATION TO COMPROMISE CONTROVERSY**

This Stipulation is entered into between Robert A. Angueira (the "***Trustee***"), and Alexis Oms (the "***Debtor***"), on this 21st day of March, 2016.

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 12, 2015 (the "***Petition Date***");

WHEREAS, Robert A. Angueira is the duly appointed Chapter 7 Trustee;

WHEREAS, at the Rule 2004 Examination of the Debtor, the Trustee discovered that the Debtor made certain pre-petition transfers totally approximately $13,500.00 (the "***Undisclosed Transfers***"), and the Trustee has asserted the Estate's interest in these funds;

WHEREAS, on February 22, 2016, the Trustee filed an Adversary Proceeding against Jorgelina Perea, Adv. Case No. 16-01113;

WHEREAS, based on the testimony during the §341 Meeting of Creditors, the Rule 2004 Examination, a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that a portion of the Property may be undervalued and in excess of the allowed exemptions;

WHEREAS, the Debtor denies and/or disputes some of the allegations noted above;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

EXHIBIT
1

AO

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1. The Debtor will pay the Trustee a total sum of $13,200.00 to be paid in twelve (12) equal monthly payments of $1,100.00 to be made on the 15th day of each month starting on April 15, 2016 and ending on March 15, 2017.

2. The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 6495 S.W. 24th Street, Miami, Fl. 33155. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

3. As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that this Settlement is approved before such deadline expires.

4. As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.



A.O

5. If the Debtor complies with all the terms of this Stipulation, he will keep all the real and personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property.

6. As part of this Settlement, the Trustee will prepare and submit a Stipulated Dismissal of the pending Complaint (Angueira v. Perea, Adv. Case No. 16-01113-RAM).

7. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the Debtor's claimed exemptions.

8. If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

9. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

10. This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

11. If the Debtor fails to timely make any of the payments described in paragraph 1, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

12. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate,

attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

13. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

14. The Trustee has accepted this settlement subject to this Court's approval.

15. All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

16. Time is of the essence as to all deadlines within this stipulation.

17. This agreement represents the full and complete understanding of the parties.

18. The Trustee believes that this agreement is in the best interest of the estate.

19. This agreement may be signed in counterparts.



A.O

20. The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

3-24-2016

ALEXIS OMS DATE
DEBTOR

3/24/16

ROBERT A. ANGUEIRA DATE
TRUSTEE

3/24/16

ROBERT SANCHEZ DATE
DEBTOR'S ATTORNEY

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 15-28106-RAM |
| | : | |
| ALEXIS OMS, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| ______________________________________ | / | |

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY**

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve Stipulation to Compromise Controversy [D.E. #___] (the "***Motion***"). The Motion has been served on all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court (on Negative Notice). By submitting this form of order, and the Trustee having represented that the motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the motion, and that the form of order was attached as an exhibit to the motion, and the Court, having reviewed the file, the Motion and record herein, good

Blumberg No. 5118
EXHIBIT
2

cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that:

1. The Motion is **GRANTED** and the settlement is **APPROVED**.

2. The Debtor will pay the Trustee a total sum of $13,200.00 to be paid in twelve (12) equal monthly payments of $1,100.00 to be made on the 15th day of each month starting on April 15, 2016 and ending on March 15, 2017.

3. The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 6495 S.W. 24th Street, Miami, Fl. 33155. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

4. As part of the Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that the Settlement is approved before such deadline expires.

5. As part of the Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, the Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

6. If the Debtor complies with all the terms of this Order, he will keep all the real and personal property listed on the Bankruptcy Schedules unless it was his intent to surrender

such property.

7. As part of the Settlement, the Trustee will prepare and submit a Stipulated Dismissal of the pending Complaint (Angueira v. Perea, Adv. Case No. 16-01113-RAM).

8. If the Debtor complies with all the terms of this Order, the Trustee will not object to the Debtor's claimed exemptions.

9. If the Debtor complies with all the terms of this Order, the Trustee will not seek turnover of the above referenced Property.

10. If the Debtor complies with all the terms of this Order, the Trustee will not object to the granting of a discharge to the Debtor.

11. The Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

12. If the Debtor fails to timely make any of the payments described in paragraph 2, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

13. In the event that the Debtor fails to comply with all the terms of this Order, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an

order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

14. The settlement proceeds of $13,200.00 are attributable to the undisclosed pre-petition transfers.

15. The Court retains jurisdiction to enforce the terms of the settlement.

###

Submitted by

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, FL 33155
Tel. 305-263-3328
Fax 305-263-6335
e-mail yanay@rabankruptcy.com

Copies furnished to:
Yanay Galban, Esq.

*(Attorney Yanay Galban is directed to serve copies of this Order upon the Debtor, the Trustee, the Attorney for the Debtor, the U.S. Trustee, and all parties who have entered an appearance in this case, upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.)*

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 24 day of March, 2016, to all parties on the enclosed mailing matrix.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 24 day of March, 2016, to:

- Robert A Angueira trustee@rabankruptcy.com, fl79@ecfcbis.com, tassistant@rabankruptcy.com, lisa@rabankruptcy.com, lillian@rabankruptcy.com
- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
- Robert Sanchez court@bankruptcyclinic.com, courtECFmail@gmail.com
- Yanay Galban yanay@rabankruptcy.com, robert@rabankruptcy.com

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail yanay@rabankruptcy.com,

By ______________________
YANAY GALBAN
Florida Bar No. 0105146

[redacted]
Case 15-28106-RAM
[redacted]

Ocean Bank
c/o Michael R. Carroll, Esq
780 NW 42 Ave #500
Miami, FL 33126-5543

Abn Amro Mortgage Grou
Po Box 9438
Gaithersburg, MD 20898-9438

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Cbna
Po Box 6283
Sioux Falls, SD 57117-6283

Cbna
Po Box 6497
Sioux Falls, SD 57117-6497

Chase Card
Po Box 15298
Wilmington, DE 19850-5298

Citi
Po Box 6241
Sioux Falls, SD 57117-6241

Citibank, N.A.
c/o American InfoSource LP
PO Box 248840
Oklahoma City, OK 73124-8840

Comenity Bank/Express
Po Box 182789
Columbus, OH 43218-2789

Department Store National Bank
c/o Quantum3 Group LLC
PO Box 657
Kirkland, WA 98083-0657

MIDLAND CREDIT MANAGEMENT, INC. AS AGENT FOR
MIDLAND FUNDING LLC
PO BOX 2011
WARREN, MI 48090-2011

Mcydsnb
9111 Duke Blvd
Mason, OH 45040-8999

Midland Funding
2365 Northside Dr Ste 30
San Diego, CA 92108-2709

Ocean Bank
780 Nw 42nd Ave Ste 400
Miami, FL 33126-5542

[redacted]

Portfolio Recovery Ass
120 Corporate Blvd Ste 1
Norfolk, VA 23502-4962

Suntrust Bk Miami Na
Po Box 524203
Miami, FL 33152-4203

Syncb/Brandsmart
Po Box 965036
Orlando, FL 32896-5036

Syncb/Gap
Po Box 965005
Orlando, FL 32896-5005

Syncb/Toysrusdc
Po Box 965005
Orlando, FL 32896-5005

Verizon Wireless
Po Box 49
Lakeland, FL 33802-0049

Wfdillards
Po Box 14517
Des Moines, IA 50306-3517

Wffnatbank
Po Box 94498
Las Vegas, NV 89193-4498

Alexis Oms
15051 Royal Oaks Ln #1404
North Miami, FL 33181-2467

Martin Claire
7001 NW 84 Ave
Miami, FL 33166-2620

[redacted]

[redacted]